JOE M. RHODES V. THE STATE.

No. 23486. Delivered November 13, 1946.

The opinion states the case.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This appeal is from a sentence of eight years in the penitentiary on a charge of robbery.

The indictment in the case alleges three prior convictions for the purpose of authorizing the penalty prescribed by statute for a third conviction of a similar offense. The contention made is that the State can only allege two prior convictions. The statute places no limit on the number of prior convictions which may be alleged, even though two would be sufficient. A cautious grand jury would allege all available convictions, because of the possibility that one might fail of proof.

We find in the record a plea in bar of the prosecution because there was pending another indictment for the same offense. He had once been tried on that indictment and convicted, but secured a new trial. Before it was dismissed the grand jury re-indicted him, presenting the one on which this conviction was based. The State had a right to select which of the two indictments they would prosecute. Authorities on this subject need not to be cited.

When his case was called for trial appellant asked for a postponement in order that he may be served with a true copy of the bill of indictment. It appears from the record that the district attorney prepared a bill of indictment for the grand jury prior to its meeting, and that at such time he did not know the name under which appellant was convicted in one of the former convictions alleged. Before the time of the return of the indictment this information was secured and the correct name inserted in the true bill. The clerk failed to make this insertion in the copy served on appellant. This might have raised a serious question except for the fact that in the instant case the former convictions were not utilized to enhance the penalty, and such portion of the certified copy of the bill becomes harmless.

It is further contended that the evidence was insufficient to support the conviction. The alleged robbery took place in the private office of one of the victims at night time. The prosecuting witness positively identified appellant as the party who entered the office while placing a rag over his face as he came in the door, and committed the robbery with the assistance of some other party. Whatever weakness there might be in the State's case, together with the evidence for the defense, went before the jury under proper instructions and we consider the jury's findings conclusive. It cannot be said that there is no evidence to support the conviction.

Finding no error, the judgment of the trial court is affirmed.